**IN THE COURT OF APPEALS OF IOWA**

No. 14-2088
Filed February 25, 2015

**IN THE INTEREST OF S.M., S.M.,
and H.M.,
    Minor Children,**

**K.B., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

A mother appeals the termination of her parental rights to three children. **AFFIRMED.**

Eric J. Palmer, Oskaloosa, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Charles A. Stream, County Attorney, and Amy E. Zenor, Assistant County Attorney, for appellee.

Amber L. Thompson, Sigourney, for father.

Terri A. Menninga, Pella, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

A mother appeals[1] the termination of her parental rights to three children. She claims (1) there was not a showing of clear and convincing evidence she lacked the ability to care for the children, (2) she should have been allowed additional time to prove her parenting skills, and (3) termination was not in the best interests of the children. Since the mother failed to cite to a specific ground relied upon by the juvenile court, we find she failed to preserve error on issues one and two. We find, due to the children's need for permanency, it is in their best interests to terminate the mother's parental rights, and we affirm the ruling of the juvenile court.

## I.    BACKGROUND FACTS AND PROCEEDINGS

The children H.M., S.M., and S.M., were born in 2005, 2006, and 2007, respectively. The children came to the attention of the Department of Human Services (DHS) in February 2013, due to concerns about physical abuse and inadequate shelter. At this time, the DHS removed the children from the parents' care and placed them in foster care. The children were adjudicated children in need of assistance (CINA) on March 8, 2013, pursuant to Iowa Code section 232.2(6)(b) (2013) due to ongoing concerns of physical abuse or neglect.

A case permanency plan was established at a dispositional hearing in April 2013. The plan outlined the various steps the parents would need to take to allow the children to return home safely. Service providers reported the mother was non-cooperative and often antagonistic with them. The providers also

---

[1] The father voluntarily consented to the termination of his parental rights, and he does not appeal.

reported the children were receptive to services and have improved dramatically. A permanency hearing was held in February 2014. The court found if the children were allowed to return home they would suffer from a lack of supervision and inappropriate living conditions, and it was in their best interests to remain in foster care. The State filed a petition to terminate the parents' rights in July 2014.

The district court entered its order terminating the mother's parental rights on December 2, 2014, pursuant to Iowa Code sections 232.116(1)(d) and (f). The mother now appeals.

## II.    STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III.    DISCUSSION

Iowa Code chapter 232, concerning the termination of parental rights, follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must

apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A. Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa 1999). The mother's failure to raise an issue regarding section 232.116(1)(d) and (f) means she has waived that issue on appeal. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

### B. Best Interests of the Children

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of the children following a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the children, we give primary consideration to "the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional conditions and needs of the child[ren]." *See* Iowa Code § 232.116(2). The mother appears to claim termination is not in the children's best interests due to a strong bond between her and the children. At the time of the termination proceeding, S.M. and S.M. had been out of their

mother's care for two years and three months, and H.M. had been out of his mother's care for two years and seven months. The record shows the bond between S.M. and S.M. and their foster parents can be described as "extremely strong," and the children refer to the foster parents as "mom" and "dad,"—the bond with their mother is "non-existent." The bond between H.M. and his foster parents is described as "good," but he is also bonded with his mother. The record shows the mother has struggled to understand and implement positive parenting practices after years of DHS provided services. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."). H.M. needs a structured and stable home now. He should not be forced to continue waiting for his mother to be a constant and reliable parent. We find the best interests of the children are served by allowing them to remain in the care of their foster parents, as this placement will best serve their mental, emotional, and physical needs.

## IV.  CONCLUSION

There is clear and convincing evidence that grounds for termination exist under sections 232.116(1)(d) and (f), termination of the mother's parental rights is in the children's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the mother's parental rights.

**AFFIRMED.**